ORIGINAL

FILED
JUN - 4 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PFIZER INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

07-344 T

## COMPLAINT

Pfizer Inc. ("Pfizer"), for its complaint against the United States, alleges as follows:

### NATURE OF THE DISPUTE

1. This case arises from the underpayment of a tax refund owed by the United States to Pfizer. In general, the interest rate on tax amounts owed by a taxpayer to the United States is higher than the interest rate on tax amounts owed to a taxpayer by the United States. Section 6621(d) of the Internal Revenue Code ("IRC") provides that if a taxpayer owes certain tax amounts to the United States and is also owed a refund by the United States for other tax amounts, then the net interest for the overlapping amounts is zero. For the period from November 21, 1997 to June 2001, Pfizer was owed a certain amount of tax refund by the United States and also owed certain tax amounts to the United States. On June 11, 2001, the United States paid Pfizer a refund, but did not implement IRC Section 6621(d), and thus failed to include in the amount of the refund certain interest that Pfizer did not legally owe; therefore the United States underpaid Pfizer by a significant amount. Pfizer thus brings this action

seeking to recover the sum of $798,847, which is the amount of the underpayment plus interest to April 30, 2007, plus any additional interest thereon as provided by law.

**JURISDICTION**

2. This is an action arising under the Internal Revenue laws of the United States, and is brought pursuant to IRC Sections 6601(f), 6611 and 6621(d) and Sections 1346(a), 1491, 2401 and 2501 of the Judicial Code (Title 28, United States Code). This Court has jurisdiction under 28 U.S.C. §§ 1346(a)(1), 1491.

**THE PARTIES**

3. The plaintiff is Pfizer Inc., a corporation organized and existing under the laws of Delaware. Pfizer has its principal office at 235 East 42nd Street, New York, NY 10017. Its Employer Identification Number is 13-5315170, which is reflected on all returns and claims described below. Pfizer is, and at all relevant times was, a pharmaceutical company that manufactures medicines, drugs and other consumer products.

4. The defendant is the United States.

**FACTS GIVING RISE TO THE DISPUTE**

5. Pfizer's 1992 United States income tax return was timely filed with the Internal Revenue Service Center, in Holtsville, New York, on or about September 15, 1993. Pfizer's 1993, 1994 and 1997 returns were timely filed with Internal Revenue Service Center, in Holtsville, New York, on or about September 15, 1994, 1995 and 1997, respectively.

6. On July 22, 1998, Congress enacted IRC Section 6621(d), which provides that, to the extent interest is payable and allowable on equivalent underpayments and overpayments of income tax by the same taxpayer for any period, the net interest rate on such amounts for that period will be zero. In other words, the general practice of applying different

interest rates to amounts owed by a taxpayer to the United States and amounts owed by the United States to a taxpayer no longer has effect to the extent there are overlapping amounts owed by the taxpayer for certain tax obligations for which there has been an underpayment and owed to the taxpayer for other tax obligations for which there has been an overpayment.

7. On June 11, 2001, the Internal Revenue Service paid Pfizer a refund for overpaid tax for its taxable year 1992 in the amount of $6,314,556, together with previously assessed deficiency interest of $2,647,795.62, as well as allowable interest credited of $2,055,641.95, totaling $11,017,933.57. The interest on the overpayment was computed using the applicable overpayment interest rates, which were lower than the applicable deficiency interest rates for the periods for which interest was assessed.

8. Pfizer paid additional tax, as assessed by the Internal Revenue Service, together with interest thereon as prescribed by law, as summarized below:

| **Tax Year** | **Tax** | **Interest** | **Date of Payment/Transfer** |
|---|---|---|---|
| December 31, 1993 | 28,255,524 | 18,520,000 | 12/08/1998 |
| | 4,350,144 | 2,469,295 | 12/10/1999 |
| December 31, 1994 | 13,144,471 | 5,702,425 | 12/10/1999 |
| December 31, 1997 | 4,070,631[1] | 1,488,329[2] | 12/15/2002 |

The interest on the deficiency was computed using the applicable deficiency rates, which were higher than the applicable refund interest rates for the periods for which interest was assessed.

9. For the period from November 21, 1997 to June 11, 2001, there were overlapping obligations between Pfizer and the United States. Pfizer was due a refund for its overpayment for its tax obligations for taxable year 1992. Pfizer owed additional tax for

[1] This transfer was applied from tax year 1996.
[2] This transfer was applied from tax year 1998.

taxable years 1993, 1994 and 1997 for its underpayment as assessed by the Internal Revenue Service.

10. Pfizer filed with the Internal Revenue Service's Ogden, Utah Service Center a claim for refund on Form 843, requesting application of a zero net interest rate, pursuant to IRC section 6621(d), relating to the taxable years as described above. The claim for refund filed also covers tax years not included in this complaint. The request satisfied the requirements of Rev. Proc. 99-43, 1999-2 C.B. 579, and it involves interest accruing for the period from November 21, 1997 to June 11, 2001. A copy of the request is attached as Exhibit A.

**PFIZER'S CLAIM**

11. Pfizer seeks to recover the sum of $798,847 (which sum was calculated with interest to April 30, 2007), together with additional interest thereon as provided by law, as necessary to implement a zero net interest rate for overlapping periods as required by IRC Section 6621(d). The amount claimed herein represents additional interest owed to Pfizer with respect to an overpayment of United States income taxes for the taxable year ending December 31, 1992. The interest is attributable to the period from November 21, 1997 (i.e., the date that the 1992 tax became overpaid) through June 11, 2001 (i.e., the date on which an overpayment of income tax was refunded by the United States Internal Revenue Service to Pfizer for its taxable year ending December 31, 1992). Pfizer's claim for a zero net interest rate satisfies the requirements of IRC Section 6621(d) and also Revenue Procedure 99-43.

12. We understand that the Internal Revenue Service is now considering and processing Pfizer's claim for refund; however, a final determination has not yet been made. We believe the determination may be made soon and it is likely to be made in Pfizer's favor;

however, this complaint is being filed as a protective matter to comply with the applicable statute of limitations, in the event that Pfizer must enforce its rights in court.

13. Pfizer is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays for judgment against the United States in the sum of $798,947 (which sum was calculated with interest to April 30, 2007), together with additional interest thereon as provided by law, as necessary to implement a zero net interest rate for overlapping periods as required by IRC section 6621(d), and such other and further relief, including reimbursement for attorneys' fees and other costs, as may be just and proper.

Date: June 4, 2007

Respectfully submitted,

Lawrence D. Rosenberg

LAWRENCE D. ROSENBERG
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C. 20001
(202) 879-7622

COUNSEL FOR PLAINTIFF

OF COUNSEL:

KENNETH J. KRUPSKY
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(202) 879-3664