**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 07-344 T**
**(Judge Thomas C. Wheeler)**

---

**PFIZER, INC.**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**Defendant.**

---

# ANSWER

---

Defendant, the United States, through its attorneys hereby answers the complaint of plaintiff, Pfizer, Inc. Defendant respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

1. Avers that paragraph 1 consists of plaintiff's generalized description of "the nature of" its claim to which no response is required. Defendant further states that Internal Revenue Code § 6621 speaks for itself; states that to the extent the allegations contained in paragraph 1 constitute legal conclusions or argument, they require no response; and states that to the extent the allegations contained in paragraph 1 constitute factual assertions, it currently lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

2. Admits that jurisdiction, if it exists, is by virtue of 28 U.S.C. § 1491.

3. Admits that plaintiff is Pfizer Inc., that its Employer Identification Number is 13-5315170, and that it has an address at 235 East 42d Street, New York, New York 10017; admits that the aforementioned Employer Identification Number and address appeared on plaintiff's 1992 and 1993 federal income tax returns, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4. Admits the allegations in paragraph 4 of the complaint.

5. Avers that plaintiff's 1992, 1993 and 1994 income tax returns were received on September 17, 1993, September 15, 1994 and September 19, 1995, respectively; avers that plaintiff's 1997 income tax return was received on September 21, 1998; and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6. Admits that Code § 6621(d) was enacted, as part of the IRS Restructuring and Reform Act, on July 22, 1998; and states that the remaining allegations contained in paragraph 6 constitute legal conclusions or argument to which no response is required.

7. Avers that, on June 18, 2001, the IRS abated prior tax assessments totaling $6,314,556, and abated restricted interest in the amount of $2,647,795.62, for tax year 1992; avers that, on June 11, 2002, the IRS computed interest due to plaintiff for tax year 1992 in the amount of $2,055,641.95; and on June 11, 2002 refunded these amounts to plaintiff in the total amount of $11,017,993.57; and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8. Admits that plaintiff made payments of tax and interest in the alleged amounts, on the alleged dates, and in the manner alleged; and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Admits that plaintiff filed with the IRS's Ogden Service Center, a Form 843 dated May 8, 2007, requesting application of a zero net interest rate, that the accompanying Statement cited Code § 6621(d), and that the claim related to tax years other than those in suit; avers that the allegations contained in the third sentence of paragraph 10 constitute legal conclusions or argument requiring no response; and admits that Exhibit A is a copy of the request dated May 8, 2007.

11. Avers that paragraph 11 consists of plaintiff's description of its claim to which no response is required. Defendant further states that Internal Revenue Code § 6621 speaks for itself; states that to the extent the allegations contained in paragraph 11 constitute legal conclusions or argument, they require no response; and states that to the extent the allegations contained in paragraph 11 constitute factual assertions, it currently lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

12. Admits that the IRS was considering plaintiff's Form 843 claim referred to in paragraph 10 of the complaint, at the time the complaint was filed; admits that at the time the complaint was filed, the IRS had not made a final determination regarding the claim; and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

Respectfully submitted,

November 1, 2007

s/ Jeffrey R. Malo
JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 305-7539*
*Fax: (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

RICHARD T. MORRISON
*Acting Assistant Attorney General*
DAVID D. GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
W. C. RAPP
*Senior Trial Attorney, Court of Federal Claims Section*

November 1, 2007

s/ Mary M. Abate
Of Counsel