IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-344 T
(Judge Thomas C. Wheeler)

PFIZER INC.,

Plaintiff,

v.

THE UNITED STATES

Defendant.

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to RCFC Appendix A, paragraph 4, the parties submit the following Joint Preliminary Status Report.

A. Jurisdiction. Plaintiffs contend that jurisdiction is established by 28 U.S.C. § 1346(a)(1) and 28 U.S.C. § 1491. Defendant avers that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491.

B. Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

C. Bifurcation of trial. In the event of a trial in this case, the parties believe that the trial should not be bifurcated, and that evidence concerning both liability and "damages" (*i.e.*, the computation of any payment to plaintiff resulting from a netting of accrued interest attributable to overlapping periods of overpayment and underpayment) should be presented at one trial.

D. Deferral. The parties know of no reason for deferral of proceedings at this time.

E. Remand or suspension. The parties do not believe that remand or suspension is appropriate at this time.

F. Additional parties. The parties are unaware of any additional parties to be joined.

G. Dispositive motions. The parties lack sufficient information to determine if they will file any dispositive motions. Once discovery is completed, the parties will be in a better position to determine whether any dispositive motions are appropriate for this case.

H. Issues. The substantive issues in this § 6621(d) interest netting case, arise from alleged overlapping periods of overpayment and underpayment related to plaintiff's 1992, 1993, 1994 and 1997 tax years. By way of reference, plaintiff's "Exhibit A" attached to the Complaint, has also placed at issue, the netting of interest related to alleged periods of overpayment and underpayment related to plaintiff's 1984, 1988, 1989, 1995, 1996, 1998, 1999 and 2000 tax years.

Specifically, the issues before the Court are known to include:

1. Whether certain periods identified as "open" or available for "use" on plaintiff's net interest computation were "closed" periods that were not eligible to be included in plaintiff's net interest computation; and

2. Whether certain line items included in plaintiff's net interest computation can be substantiated.

I. Settlement. The parties believe there is a strong likelihood that they will be able to settle this matter after conducting discovery.

J. Trial. If no settlement is reached, the parties believe that trial may be necessary. If the case does not settle, it is likely that the parties will be able to stipulate to the relevant facts and resolve the case through cross-motions for summary judgment. The parties propose that within 30 days of the completion of discovery, they will submit to the Court a status report concerning the further proceedings required to resolve this case.

K. Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

L. Other information. The parties are unaware of any other matters of which this Court should be advised at this time.

PROPOSED DISCOVERY PLAN. Pursuant to RCFC Appendix ¶ 5, the parties submit the following Discovery Plan:

a. That discovery in the above-captioned case be completed within 180 days from the date of the Court's Order establishing the discovery period.

b. That the parties file a Joint Status Report with the Court every 60 days during the discovery period to update the Court on the parties' progress in settling the case.

c. That 30 days after the date set by the Court for completion of discovery, the parties submit to the Court a Joint Status Report discussing any need for further proceedings.

Respectfully submitted,

December 21, 2007

s/ Lawrence D. Rosenberg

LAWRENCE D. ROSENBERG
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
Voice: (202) 879-7622
Fax: (202) 626-1700
Email: ldrosenberg@jonesday.com

Counsel for Plaintiff

December 21, 2007

s/ Jeffrey R. Malo

JEFFREY R. MALO
Attorney of Record
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 305-7539
Fax: (202) 514-9440
Email: jeffrey.r.malo@usdoj.gov

RICHARD T. MORRISON
*Acting Assistant Attorney General*
DAVID D. GUSTAFSON
*Chief, Court of Federal Claims Section*
W.C. Rapp
*Senior Trial Attorney,*
*Court of Federal Claims Section*

December 21, 2007

s/ W.C. Rapp

Of Counsel

Counsel for Defendant